

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

November 14, 1962

Honorable Charles J. Lieck, Jr.　Opinion No. WW-1474
Criminal District Attorney
Bexar County　　　　　　　　　Re: Whether a juvenile court,
Courthouse　　　　　　　　　　　after adjudging a minor
San Antonio 5, Texas　　　　　　to be a delinquent child
　　　　　　　　　　　　　　　and placing said child in
　　　　　　　　　　　　　　　temporary custody of his
　　　　　　　　　　　　　　　parents, subject to the
　　　　　　　　　　　　　　　further orders of the court,
　　　　　　　　　　　　　　　has jurisdiction to have
　　　　　　　　　　　　　　　a further hearing after
　　　　　　　　　　　　　　　the minor has attained
　　　　　　　　　　　　　　　the age of 17 years and
　　　　　　　　　　　　　　　commit him to the custody
Dear Mr. Lieck:　　　　　　　　of the Texas Youth Council.

　　　　You have requested an opinion of this office in the
above matter and in your request the following is stated:

　　　　"On April 24, 1962, Charles J. Lieck, Jr.,
　　Criminal District Attorney of Bexar County, Texas,
　　filed his petition in 150th District Court of
　　Bexar County, Texas, sitting as a Juvenile Court,
　　asking that . . .be adjudged a delinquent child.
　　The petition alleged that said child was born May
　　5, 1945, and that the offense constituting such
　　child a delinquent child was the burglary of a
　　private house with intent to commit theft, and
　　that such offense was of the grade of felony as
　　defined by the Penal Code of Texas.  Service of
　　notice was requested on the parents of said child,
　　and a fiat of the District Judge was attached to
　　said petition.  The date of the offense was alleged
　　as April 18, 1962, and the notice of hearing was
　　for April 26, 1962.

　　　　"On April 26, 1962, in conformity with said
　　fiat of said Judge an order was entered in said
　　cause in which it is recited that a hearing was
　　had on said date at which time the parents of said
　　child, his attorney, and the child in person ap-
　　peared in court, and at such hearing the court

found that the child at the time of such hearing was 16 years of age; was a <u>delinquent child</u> and 'it is to the best interest of said child that he be placed, until <u>final disposition of custody</u> is made, in temporary custody of . . .'" (Emphasis added)

"The order of the court recited that the child 'be and he is hereby placed, until final disposition of custody is made, in the temporary custody of . . .in San Antonio, Bexar County, Texas, <u>subject to the further orders of said Court.</u>'" (Emphasis added)

"On May 7, 1962, as shown by order of court signed May 10, 1962, another hearing was had at which hearing the child appeared in person with his parents, . . .and his attorney, the recitation being that the court having heard the evidence is of the opinion and finds that it is to the best interest of said child that he be committed to the care, custody and control of the Texas Youth Council of Austin, Travis County, Texas; and it was ordered that he be committed to such agency for an indeterminate period of time not to exceed the time he shall have become twenty-one years of age and that he should be conveyed forthwith by the Chief Probation Officer of Bexar County to the Gatesville State School for Boys.

"   . . ."

The question to be answered is thus: Does an initial order of commitment to the Texas Youth Council of a minor determined to be a delinquent child, have to be accomplished before said child reaches 17 years of age in case of a male and 18 years of age in case of a female?

Article 2338-1, Section 3, Vernon's Civil Statutes, defines a delinquent child as ". . .any female person over the age of ten (10) years and under the age of eighteen (18) years and any male person over the age of ten (10) years and under the age of seventeen (17) years," and then proceeds to elucidate the circumstances which bring a person, in the above age groups, under the provisions of the statute.

Article 5143a, Section 2, Vernon's Civil Statutes, provides:

"Any male person between the ages of ten (10) and seventeen (17) years who shall be lawfully committed to the State Juvenile Training School as a delinquent child, and not possessing any of the disqualifications hereinafter mentioned, shall be received as an inmate of said training school."

Section 12 of Article 5143c reads as follows:

"When any child is adjudged delinquent under the provision of Section 13 of Chapter 204 of the General Laws of the Regular Session of the Forty-eighth Legislature, 1943, (Sec. 13, Article 2338-1, of Vernon's 1948 Statutes), and the Court does not release such child unconditionally, or place him on probation or in a suitable public or private institution or agency other than a State Training School, the Court shall commit him to the Council, but may suspend the execution of the order of such commitment."

Section 12 of Article 5143d reads substantially the same as the above quoted statute.

From a perusal of the above statutes, it can be said with certainty, that a male 17 years of age or over and a female 18 years of age or over cannot be committed to the Juvenile Training Schools of this State, for the first time, at these ages, because they do not come within the age limits set forth in Article 2338-1, Section 3, supra. These jurisdictional limits of age are mandatory and cannot be circumvented or altered by judicial action.

Further a reading of the aforementioned statutes leaves no doubt that their clear and unambiguous meaning prohibits initial or first commitment to the Texas Youth Council of delinquent children after attaining the maximum age limit in each group.

Therefore, we are of the opinion that the order entered on April 26, 1962, was not an order of commitment addressed to the Texas Youth Council and the order of May 7, 1962, entered after the subject child was 17 years of age, was a void and illegal commitment which the authorities of the Juvenile Training Schools must refuse to obey.

Please be advised that our opinion pertains only to initial commitment and in no way affects recommitment after initial commitment is lawfully obtained.

Accept our thanks for the brief submitted in this matter.

## S U M M A R Y

A juvenile court after adjudging a minor to be delinquent and placing said minor in temporary custody of his or her parents, subject to further orders of the court, has no jurisdiction to have a further hearing after the minor has attained the age of 17 years, in case of a male and the age of 18 years in case of a female and commit the said minor to the custody of the Texas Youth Council. An initial commitment order entered after a minor reaches the age of 17 years in case of a male and the age of 18 years in case of a female, is void and illegal and the authorities of the Juvenile Training Schools must refuse to obey the said order.

Sincerely,

WILL WILSON
Attorney General of Texas

By: Ogden L. Bass, Jr.
Assistant

OLB:mkh

APPROVED:
OPINION COMMITTEE

J. C. Davis, Chairman
Tom Peterson
Malcolm Quick
Grady Chandler

REVIEWED FOR THE ATTORNEY GENERAL
BY: Leonard Passmore